UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-CV-00026-GNS-LLK

RICKY BROWN                                                                    PLAINTIFF

v.

TG AUTOMOTIVE SEALING KENTUCKY, LLC                              DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motions in Limine (DN 65, 66, 75, 76, 87, 88, 91) and Defendant's Motions in Limine (DN 73, 74, 89).  The motions are ripe for adjudication.

## I.       **BACKGROUND**

Plaintiff Ricky Brown ("Brown") slipped and fell on ice while on Defendant TG Automotive Sealing Kentucky, LLC ("TG") property.  (Compl. ¶ 8, DN 1-1).  Brown sued TG to recover damages from his allegedly permanent injuries from the fall.  (Compl. ¶ 11).[1]  The parties have filed motions in limine regarding potential evidence at trial, which is set to begin on August 6, 2024.  (Order, DN 61).

## II.      **JURISDICTION**

This Court has subject matter jurisdiction over this action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

---

[1] Brown initially sued Toyoda Gosei North America Corporation, but it was terminated from the case and replaced with TG by agreed order.  (Compl. ¶ 2; Agreed Order Substitution & Dismissal, DN 11).

1

### III.   STANDARD OF REVIEW

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 (1984)). The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). "It is often difficult to resolve evidentiary objections outside the context of trial, and Courts will exclude evidence on a motion in limine only when the challenged evidence is clearly inadmissible." *Lotz v. Steak N Shake, Inc.*, No. 5:19-277-DCR, 2021 WL 2270353, at *1 (E.D. Ky. June 3, 2021) (citations omitted). "Unless the evidence meets this high standard, 'rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Rulings on motions in limine are preliminary and entirely based on the discretion of the district court, which can later change its rulings. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

### IV.   DISCUSSION

#### A.   Plaintiff's Motion in Limine (DN 65)

Brown objects to TG's witness list because it includes Keenan Boitnott ("Boitnott"), a former TG employee. (Pl.'s Mot. Lim. 1, DN 65). Brown asserts that because Boitnott has been unavailable for deposition, TG should be prohibited from calling him at trial. (Pl.'s Mot. Lim. 1, DN 65). TG responds that it has unsuccessfully attempted to contact Boitnott but that if he responds, it will call him at trial. (Def.'s Resp. Pl.'s Mot. Lim. 1, DN 83). Because it doubtful

that Boitnott will be available to testify at trial, the Court will address this issue if it arises. The objection is therefore overruled, and the motion is denied on this basis.

### B.    Plaintiff's Motion in Limine (DN 66)

#### 1.    *Plaintiff's Counsel's Law Firm*

Brown requests that TG be prohibited from commenting on Brown's counsel, counsel's law firm, law firms that advertise, and law firms that represent plaintiffs because it is prejudicial. (Pl.'s Mot. Lim. 1, DN 66). TG responds that it does intend to make any such comments. (Def.'s Resp. Pl.'s Mot. Lim. 1, DN 82). Accordingly, the motion is granted on this basis.

#### 2.    *Plaintiff Hiring Counsel*

Brown moves to prohibit TG from referencing or inquiring about when, how, and why Brown hired counsel, arguing that the information is irrelevant and prejudicial. (Pl.'s Mot. Lim. 2, DN 66). TG responds that the timing and method of Brown's contact with counsel is relevant. (Def.'s Resp. Pl.'s Mot. Lim. 2, DN 82). The Court will defer this ruling until trial, when it will have the benefit of context and the wording of a specific question to determine if it is relevant or prejudicial. Accordingly, the motion is denied on this basis. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846 ("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." (citations omitted)).

#### 3.    *Collateral Source*

Brown argues that TG should be prohibited from mentioning, referring to, or admitting documents concerning collateral source payments Brown received from health insurance or workers' compensation. (Pl.'s Mot. Lim. 2-3, DN 66). TG states that it does not intend to discuss

collateral source payments.  (Def.'s Resp. Pl.'s Mot. Lim. 2, DN 82).  Accordingly, Brown's motion is granted on this basis.[2]

### 4.    *Disclosure of Damages*

Brown moves to exclude his damages disclosures, arguing that the jury should determine the damages amount without any influence on their discretion.  (Pl.'s Mot. Lim. 3, DN 66).  Brown, however, does not cite any authority that suggests that excluding disclosures is necessary or appropriate.  (Pl.'s Mot. Lim. 3, DN 66).  Accordingly, Brown's motion is denied on this basis. *See Long v. Wright*, No. 319-CV-00035-GFV-TEBA, 2021 WL 9349140, at *4 (E.D. Ky. July 22, 2021) (rejecting the same argument); *BHC Dev., LC v. Bally Gaming, Inc.*, No. 12-2393-JPO, 2014 WL 524665, at *9 (D. Kan. Feb. 10, 2014) (same).

### 5.    *Intent*

Brown contends that it will not argue that TG intentionally harmed him, and TG should be prohibited from arguing that it did not intentionally harm Brown to avoid confusing the jury about the standard of care.  (Pl.'s Mot. Lim. 3-4, DN 66).  TG does not oppose the motion, so it is granted on this basis.  (*See* Def.'s Resp. Pl.'s Mot. Lim. 2, DN 82).

### 6.    *Conduct of Nonparties*

Brown argues that TG should be prohibited from arguing that non-parties are at fault or should have been added to the lawsuit.  (Pl.'s Mot. Lim. 4, DN 66).  TG responds that it does not intend to blame a non-party but notes that if the evidence suggests Brown's employer is responsible, including his employer in an apportionment instruction would be appropriate.  (Def.'s Resp. Pl.'s Mot. Lim. 3, DN 82).  Because this issue depends on the proof presented at trial, the

---

[2] TG notes that it will discuss collateral source payments if Brown opens the door.  To the extent that happens, it will be addressed at trial.

Court defers ruling on it, and the motion is denied on this basis.  *See Purvis v. Praxair, Inc.*, No. 5:19-08-KKC, 2020 WL 6375551, at *4 (E.D. Ky. Oct. 30, 2020) (declining to rule on whether settling employer should be included in apportionment instruction until trial).

### 7.    *Settlement Negotiations*

Brown requests that TG be prohibited from referencing any settlement negotiations the parties had or should have had, in accordance with Fed. R. Evid. 408.  (Pl.'s Mot. Lim. 4, DN 66).  Both parties are expected to comply with the Federal Rules of Evidence.  Accordingly, the motion is denied on this basis.  *See A.Hak Indus. Servs. BV Techcorr USA, LLC, Techcorr USA Mgmt., LLC v. A.Hak Indus. Servs. B.V.*, No. 3:11-CV-74, 2014 WL 12591696, at *2 (N.D.W. Va. Dec. 18, 2014) ("[C]ourts have denied motions in limine as improper when they merely seek an order requiring the parties to comply with court rules or the law . . . .").

### 8.    *Medical Records, Medical Causation, and Plaintiffs Generally*

Brown moves to prohibit TG from admitting medical records without a competent witness, referring to medical causation without medical expert testimony, and making disapproving remarks about plaintiffs or recovering damages through litigation.  (Pl.'s Mot. Lim. 4-5, DN 66).  TG responds that it does not intend to do any of those things, so Brown's motion is granted on this basis.  (Def.'s Resp. Pl.'s Mot. Lim. 4, DN 82).

### C.    <u>Defendant's Motion in Limine (DN 73)</u>[3]

Dr. Jeffery Hazlewood ("Dr. Hazlewood") and Dr. Ryan Snowden ("Dr. Snowden"), two of Brown's treating physicians, gave deposition testimony on May 28, 2024, and June 24, 2024, respectively.  (Def.'s Mot. Lim. 2, DN 73).  Both doctors will testify at trial through their video

---

[3] The deposition transcripts for the deposed witnesses in this case are not attached to the relevant motions, so the Court will rely on the parties' representations of the deposition testimony to the extent there is no disagreement.

depositions.  (Pl.'s Dep. Designations 1-2, DN 59).  TG raises the following objections to their testimony, and because many of them overlap, they will be addressed together.

### 1.    *General Objections*

TG generally objects to the reading or playing of objections, depositions of witnesses who are available to testify, and portions of depositions that are the subject of TG's other motions in limine.  (Def.'s Mot. Lim. 1, DN 73).  Brown agrees with these general objections, so they are sustained, and the motion is granted on this basis.  (Pl.'s Resp. Def.'s Mot. Lim. 1, DN 85).

### 2.    *Credibility*

TG objects to two of Dr. Hazlewood statements that he thought Brown was credible or believed Brown when Brown spoke to him.  (Def.'s Mot. Lim. 2, 6, DN 73).  It is well-settled that "[e]xperts may not testify about the credibility of other witnesses."  *Smith v. Jones*, 721 F. App'x 419, 423 (6th Cir. 2018).  Thus, Dr. Hazlewood's statement that Brown was credible is improper, and page 16, lines 5 through 8 are excluded.  Without context, however, the Court cannot determine whether Dr. Hazlewood's statement that he believed Brown weighs his credibility or was relevant to a discussion about Brown's medical treatment, so TG's objection to page 104, line 25 to page 105, line 1 is overruled, and the motion is denied on this basis.

### 3.    *Medical Records*

TG objects to a series of statements where Dr. Hazlewood and Dr. Snowden testify to conditions or treatment that are allegedly not contained in Brown's medical records.  (*See* Def.'s Mot. Lim. 2-3, 8, 9-10, 12-13, 14-17, DN 73).  TG did not attach Brown's medical records to the motion, and it offers negligeable explanation and cites no authority for the proposition that a treating physician's testimony should be limited to the medical records.  (*See* Def.'s Mot. Lim. 2-3, 8, 9-10, 12-13, 14-17, DN 73; Def.'s Mot. Lim. 6-7, DN 74).  Treating physicians may testify

6

about their patients' medical treatment based on the physician's personal knowledge or observations. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 2, 2007); *Schlueter v. Ingram Barge Co.*, No. 3:16-CV-02079, 2019 WL 5683371, at *4 (M.D. Tenn. Nov. 1, 2019) ("A treating physician is generally qualified to testify about a patient's diagnosis, treatment, and prognosis, including the future course of treatment, so long as the testimony is based on personal knowledge and the doctor's history, treatment and examination of the patient." (citations omitted)).  Accordingly, TG's objection is overruled, and the motion is denied on this basis.

TG similarly objects to some of the same statements because they are allegedly not included in the doctors' expert disclosures or reports.  (Def.'s Mot. Lim. 2-3, 17, DN 73).  TG's arguments are not well-taken.  Treating physicians who are not specially retained as experts are not required to file a report, and the statements TG objects to are clearly within the bounds of Brown's disclosures that the doctors will testify to his injuries, causation, past medical treatment, future medical treatment, and ability to work.  *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment ("The requirement of a written report . . . applies only to those experts who are retained or specially employed to provide such testimony . . . .  A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."); (Pl.'s Expert Disclosures 2-4, DN 26; Def.'s Mot. Lim. 2-3, 17, DN 73).  Accordingly, TG's objection is overruled, and the motion is denied on this basis.

### 4.    *Mental Health*

TG objects to Dr. Hazlewood's deposition testimony discussing Brown's mental health, arguing that it is outside the scope of his expertise as a pain management specialist.  (Def.'s Mot. Lim. 3-4, DN 73).  Dr. Hazlewood's statements about Brown's mental state directly relate to

Brown's pain, which is within the scope of his expertise and Brown's treatment. (*See* Def.'s Mot. Lim. 3-4, DN 73). TG also objects to one statement regarding Brown's mental health because it references how other clients mentally process pain, but because Dr. Hazlewood used the comparison to further explain Brown's pain, it is permissible. (Def.'s Mot. Lim. 4, DN 73). Accordingly, TG's objections are overruled, and the motion is denied on this basis.

### 5.    *Hypothetical Questions*

TG next objects to various questions that it asserts are inappropriate because they are hypothetical and result in conditional answers. (Def.'s Mot. Lim. 4-5, 7, 10, 12-14, DN 73). For example, TG objects to the following question: "As we sit here today, if Mr. Brown's condition is the same or has worsened, would he be capable of meeting those physical requirements?" (Def.'s Mot. Lim. 4, DN 73). These questions simply ask the doctors to assume facts for the purposes of the questions, which is an appropriate method for questioning an expert. *See McLean v. 988011 Ont., Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000); (Def.'s Mot. Lim. 4-5, 7, 10, 12-14, DN 73). Accordingly, this objection is overruled, and the motion is denied on this basis.

### 6.    *Standard for Expert Medical Testimony*

TG objects to Dr. Hazlewood's medical opinions that refer to possibility instead of a reasonable degree of medical certainty. (Def.'s Mot. Lim. 5, 7-8, DN 73). Indeed, opinions expressed within a reasonable degree of medical certainty is the "correct standard for expert witness testimony[,]" and mere possibility is insufficient. *Finn v. Warren Cnty.*, 768 F.3d 441, 452 (6th Cir. 2014). Accordingly, this objection is sustained, and the motion is granted on this basis. The following portions of Dr. Hazlewood's testimony are excluded:  page 53, lines 23

through 24; page 54, lines 6 through 9; page 55, lines 3 through 5; page 112, lines 21 through 24; and page 113, line 18 through page 114, line 11.[4]

### 7. *Impairment Rating*

TG objects to any testimony referring to Brown's impairment rating, which it argues is inadmissible in this case because it is only relevant to workers' compensation claims. (Def.'s Mot. Lim. 6-8, 15-16, DN 73).  In a separate motion in limine, TG adds that allowing the doctors to testify to Brown's impairment rating would be prejudicial and potentially confusing to the jury. (Def.'s Mot. Lim. 3-5, DN 74).  An impairment rating is the "percentage of whole body impairment caused by the injury or occupational disease as determined by the 'Guides to the Evaluation of Permanent Impairment[,]'" which is a publication by the American Medical Association.  KRS 342.0011(35), (36).  The Kentucky Court of Appeals has addressed this issue, affirming a trial court's exclusion of testimony regarding the plaintiff's impairment rating.  *Porter v. Allen*, 611 S.W.3d 290, 295 (Ky. App. 2020).  The Kentucky Court of Appeals reasoned that even if the impairment rating was relevant to the plaintiff's damages, admitting it risked prejudicing the defendant and confusing or misleading the jury.  *Id.*  The court explained that impairment ratings are used in workers' compensation cases and that the AMA Guides state that they are "***not to be used for direct financial awards nor as a sole measure of disability***."  *Id.* (emphasis in original) (quoting AMA's Guides to the Evaluation of Permanent Impairment § 1.7 (5th ed.)); *see also Boardman v. Hauck*, No. 11-CV-01934-DME-BNB, 2012 WL 3545681, at *3 (D. Colo. Aug. 16, 2012) (excluding evidence of impairment rating under Fed. R. Evid. 403); *In re 3M Combat Arms*

---

[4] Dr. Snowden's remark that it is his "personal opinion" that Brown suffered an acute disc herniation, page 33, line 16 through page 34, line 24 of his deposition, is not excluded on this basis. "Personal opinion" is merely the phrasing Dr. Snowden chose; he continued to explain the facts and testing that supported his opinion.  (*See* Def.'s Mot. Lim. 14-15, DN 73).

*Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 765019, at *11 (N.D. Fla. Feb. 28, 2021) (same).  Accordingly, this objection is sustained, and the motion is granted on this basis.  The following portions of Dr. Hazlewood's deposition are excluded:  page 106, line 10 through page 107, line 7; page 108, lines 1-19; and page 113, line 18 through page 114, line 11.  The following portions of Dr. Snowden's testimony are excluded:  page 54, lines 4 through 10; and page 57 line, 25 through page 58, line 14.

### 8.    *The Surgery*

Throughout TG's pretrial motions, it objects to various references to a back surgery Brown may be eligible for and may benefit from.  (*See* Def.'s Mot. Lim. 9-14, 16, DN 73; Def.'s Mot. Lim. 5-8, DN 74; Def.'s Mot. Lim. 1-14, 16-17).  TG argues that because Brown is not currently eligible to receive the surgery because of his weight and other health complications, any reference to it or damages calculation that includes it is hypothetical and speculative and should be excluded. (*See* Def.'s Mot. Lim. 9-14, 16, DN 73; Def.'s Mot. Lim. 5-8, DN 74; Def.'s Mot. Lim. 1-14, 16-17).  This argument is not well-taken.  Brown is entitled to support his claim with evidence, which may be sufficient for the jury to find with reasonable certainty that Brown will incur the cost of the surgery as a result of his injury.  The Court will not make that determination for them. *See Porter v. AAR Aircraft Servs., Inc.*, 790 F. App'x 708, 713 (6th Cir. 2019) ("[C]ourts generally condemn the use of a motion in limine to litigate or relitigate matters that should be resolved via a motion to dismiss or a summary judgment motion."  (citation omitted)).  Accordingly, the objection is overruled, and the motion is denied on this basis.

### 9.    *Dr. Snowden's July 2021 Letter*

On July 1, 2022, Dr. Snowden wrote a letter in which he opined that Brown was still unable to work, but Dr. Snowden had not seen Brown since his appointment on October 11, 2021.  (Def.'s

Mot. Lim. 11-12, DN 73; Pl.'s Resp. Def.'s Mot. Lim. 9, DN 85).  TG objects to the admission of

the letter and any testimony Dr. Snowden's references to it because it was based on speculation

about how Brown's condition progressed.  (Def.'s Mot. Lim. 11-12, DN 73).  The opinion in the

July 1, 2022, letter is too far removed from the October 2021 appointment to be based on his

personal knowledge or observations about Brown's condition.  This objection is sustained, and the

motion is granted on this basis.  The letter is therefore excluded, along with the following portions

of Dr. Snowden's deposition:  page 16, line 25 through page 17, line 2; and page 18, lines 7 through

23.

### D.    **Defendant's Motion in Limine (DN 74)**

#### 1.    *Credibility*

TG moves to exclude any expert testimony that addresses Brown's credibility, but TG does

not point to specific testimony.  (Def.'s Mot. Lim. 2, DN 74).  To the extent that TG raises this

issue regarding specific testimony or experts, it will be addressed then, but the instant motion is

denied on this basis.  *See Equal Emp. Opportunity Comm'n v. Proctor Fin., Inc.*, 644 F. Supp. 3d

400, 413 (E.D. Mich. 2022) ("Where a motion in limine simply asserts objections without tying

them to specific evidentiary items, the Court properly may deny it as overbroad and insufficiently

specific." (quoting *Fakhoury v. O'Reilly*, No. 16-13323, 2022 WL 909347, at *6 (E.D. Mich. Mar.

28, 2022)).

#### 2.    *Impairment Rating*

TG moves to exclude any references to impairment rating.  (Def.'s Mot. Lim. 3-5, DN 74).

As explained above, such opinions are excluded.  Because, however, TG does not attach or cite to

specific testimony, the instant motion is denied on this basis as overbroad and insufficiently

supported.  *See Proctor Fin.*, 644 F. Supp. 3d at 413.  Any objections to specific testimony or evidence referencing impairment rating will be addressed as the parties raise them.

### 3.   *Lost Future Earnings*

TG moves to exclude Brown's claim for damages for lost future earnings, insisting that his evidence is insufficient to prove that he is unable to work.  (Def.'s Mot. Lim. 5-6, DN 74).  This argument is inappropriate for a motion in limine, and this Court will not entertain TG's request to summarily dismiss one of Brown's claims that he is entitled to support with evidence at trial.  *See Porter*, 790 F. App'x at 713.  The motion is denied on this basis.

### 4.   *Limiting Treating Physician Testimony*

TG moves to limit the testimony of Brown's treating physicians to what is contained in Brown's medical records.  (Def.'s Mot. Lim. 6-7, DN 74).  For the reasons explained above, the motion is denied on this basis.

### 5.   *Subsequent Remedial Measures*

TG moves to prohibit testimony regarding subsequent remedial measures, in accordance with Fed. R. Evid. 407.  (Def.'s Mot. Lim. 7, DN 74).  As explained above, both parties are expected to comply with the Federal Rules of Evidence, so this motion is denied.

### 6.   *Future Damages and Costs*

TG moves to exclude any reference to or calculation including the back surgery Brown for which he is not currently eligible because of his health conditions.  (Def.'s Mot. Lim. 7-8, DN 74).  For the reasons explained above, the motion is denied on this basis.

### 7. *TG's Financial Condition*

TG moves to exclude evidence or testimony about its financial condition as irrelevant. (Def.'s Mot. Lim. 9, DN 74).  Because Brown does not object, the motion is granted on this basis. (Pl.'s Resp. Def.'s Mot. Lim. 11, DN 84).

### 8. *Cumulative and Repetitive Evidence*

TG moves to exclude duplicative evidence or evidence that causes undue delay, in accordance with Fed. R. Evid. 403.  (Def.'s Mot. Lim. 9, DN 74).  As explained above, both parties must comply with the Federal Rules of Evidence, so this motion is denied.

### 9. *Insurance Policy*

TG moves to exclude evidence of any liability insurance policy it may have, in accordance with Fed. R. Evid. 411.  (Def.'s Mot. Lim. 9, DN 74).  As explained above, both parties must comply with the Federal Rules of Evidence, so this motion is denied.

### 10. *Herniated Disc*

TG moves to exclude Dr. Hazlewood's and Dr. Snowden's statements about whether Brown had an acute herniated disc, arguing that they did not testify with sufficient certainty. (Def.'s Mot. Lim. 10-11, DN 74).  TG only cites to one specific statement, which as explained above, is not excluded.  To the extent that TG moves to exclude other specific statements that it did not cite, the motion is denied as insufficiently specific.

### E. <u>Plaintiff's Motion in Limine (DN 75)</u>

Brown moves to exclude various portions of Dr. Snowden's deposition testimony.  (Pl.'s Mot. Lim., DN 75).  Each is addressed below.

Brown moves to exclude the following exchange from page 36, lines 4 through 10:

Q.      In fact, it would probably be a rarity to have a multiple-decade truck drive that doesn't have back pain, correct?

> A.    Don't—I don't know a whole lot of multi-decade truck drivers.
> Q.    Okay.
> A.    So I'll have to take your word on that one.

(Pl.'s Mot. Lim. 2, DN 75).  Brown contends that Dr. Snowden's answer is speculative and thus

inadmissible.  (Pl.'s Mot. Lim. 2, DN 75).  Because Dr. Snowden acknowledged that he did not

know the answer, Brown's motion is denied on this basis.

Brown also moves to exclude this exchange from page 41, line 21 through page 42, line 4:

> Q.    Would it surprise you that he had three or four visits, and Dr. Hazlewood
> had talked about returning him back to work and he stormed out and never came
> back to his office?
> MS. MARLEY:          Objection.
> THE WITNESS:         I don't know enough about him to know whether or
> not—
> MR. JACKSON:         Okay.
> THE WITNESS:         —he would do that.

(Pl.'s Mot. Lim. 2, DN 75).  Because Dr. Snowden had no personal knowledge of that exchange

and TG did not respond to oppose the motion, it is granted on this basis.

Brown moves to exclude portions of Dr. Snowden's deposition testimony that refer to

Brown's workers' compensation claim.  (Pl.'s Mot. Lim. 3-4, DN 75).  The motion is granted on

this basis, but as detailed above, the portions are already fully excluded because they reference

Brown's impairment rating.

**F.    Plaintiff's Motion in Limine (DN 76)**

Brown moves to exclude various portions of Dr. Hazlewood's testimony.  (Pl.'s Mot. Lim.,

DN 76).  They are addressed below.

**1.    *References to Workers' Compensation or Insurance***

Brown seeks to exclude references to workers' compensation or insurance companies.  Per

the above ruling on collateral source payments and because TG did not respond to oppose the

motion, the motion is granted on this basis.  The following portions of Dr. Hazlewood's deposition

testimony are excluded:   page 52, lines 3 through 6; page 56, lines 12 through 13, ending at "injuries"; "think this was where the case manager" on page 57, lines 18-19; "That was from the case manager, not him" on page 58, lines 18-19; "The case manager tells me later that" on page 68, lines 17-18; page 69, lines 6 through 10; page 74, line 22 through 75, line 4; "So the case manager did say" on page 10, line 10; "So that was another note that I dictated to the insurance adjuster" on page 106, lines 17 through 19; page 106, lines 20 through 25; and page 107, lines 1 through 7.

### 2.    *Other Portions*

Brown moves to exclude a question from the court reporter on page 46, lines 4-6, and TG's objections on page 116, lines 3-8 to avoid juror confusion.   The motion is granted on this basis, and those portions are excluded.

Brown also seeks to exclude the following exchange on page 72, line 20 through page 73, line 2:

> Q.    I recently took the deposition from a physician, and he indicated that pain is subjective because someone says they're in pain, and there's no way to disprove what they say.
> Would you agree with that statement?
> A.    Yeah.  I mean, it's a—a feeling.  You can look and see as if somebody looks to be in pain, but I can't—no.  It's a subjective report.

(Pl.'s Mot. Lim. 5, DN 76).  Brown argues that the testimony is irrelevant, prejudicial, misleading, and confusing.  (Pl.'s Mot. Lim. 5, DN 76).  Dr. Hazlewood's answer is within the bounds of permissible expert testimony, and Brown's motion is denied on this basis.

Brown moves to exclude the following exchange on page 115, lines 21 through 24 because it is prejudicial and references an insurance company:

> Q.      But for his decision to walk out and seek pills somewhere else, you would've continued to do that, correct?
>
> A.      Yes.  And I put in my note, "I'm glad to see him back as needed."  So had the insurance company referred him back, I would've not said no.  I would've seen him again.

(Pl.'s Mot. Lim. 8, DN 76).  The motion is granted on this basis.  "But for his decision to walk out and seek pills somewhere else" and "So had the insurance company referred him back, I would've not said no" are excluded.

### G.      Plaintiff's Motion in Limine (DN 87)

Brown moves to exclude various testimony from Leesa Fisher ("Fisher"), Brown's damages expert, who will testify at trial through video deposition.  (Pl.'s Mot. Lim. 1-3, DN 87; Pl.'s Expert Disclosures 1; Pl.'s Dep. Designations 2).  Brown did not attach Fisher's deposition transcript to the motion, so it is impossible for the Court to rule on the challenged testimony.  The motion is therefore denied as insufficiently supported.

### H.      Plaintiff's Motion in Limine (DN 88)

Brown seeks to exclude TG's exhibit three, Brown's workers' compensation records, and exhibit 4, Brown's worker's compensation settlement.  (Pl.'s Mot. Lim. 1, DN 88).  Per the above ruling respecting collateral source payments, the motion is granted on this basis, and these exhibits are excluded.  Brown also seeks to exclude TG's exhibit 7, recorded interviews of Brown, arguing that they are prejudicial because Brown has not had the opportunity to review them.  (Pl.'s Mot. Lim. 2, DN 88).  The Court does not have sufficient information to rule on the admissibility of the recordings because Brown has not explained whether he requested discovery that would have required TG to turn over the recordings.  (*See* Pl.'s Mot. Lim. 2, DN 88).  Accordingly, the motion is denied on this basis.

## I.   **Defendant's Motion in Limine (DN 89)**

TG raises the following objections to the deposition testimony of Fisher and Dr. Jay Jolley II ("Dr. Jolley"), TG's medical expert who will also testify at trial through recorded deposition. (Def.'s Mot. Lim., DN 89; Def.'s Expert Witness Disclosure 1-2, DN 40; Def.'s Dep. Designation 1, DN 60).

### 1.   *Fisher's Deposition Testimony*

#### a.   **Surgery**

TG objects to Fisher's deposition testimony in its entirety, and it also points to specific portions that should be excluded.  (Def.'s Mot. Lim., DN 89).  TG's primary argument is that Fisher repeatedly references the back surgery that TG argues is speculative because Brown is not currently eligible to undergo it.  (*See* Def.'s Mot. Lim., DN 89).  As explained above, TG's argument regarding the surgery is not well-taken.  The objection is overruled, and the motion is denied on this basis.  Fisher's testimony is not excluded in its entirety, and any specific testimony about the surgery is not excluded on this basis.

#### b.   **Fisher's Expert Report**

TG objects to a line in Fisher's deposition where Brown's counsel moved to admit Fisher's report as Exhibit 2 to the deposition, arguing that it is hearsay.  (Def.'s Mot. Lim. 2, DN 89).  As a general matter, expert reports are inadmissible hearsay, and courts decline to admit them as exhibits at trial unless they fall under a hearsay exception.  *See Hughey v. Easlick*, No. 19-10368, 2022 WL 15523071, at *3 (E.D. Mich. Oct. 26, 2022) (citations omitted).  It is unclear, however, whether TG objects only to the line in the deposition or the admission of the report as an exhibit at trial.  (*See* Def.'s Mot. Lim. 2, DN 89).  Accordingly, the motion is denied, but the issue will be addressed at trial if the parties raise it.

17

### c. Fisher's Expertise

TG objects to pages 26 through 30 of Fisher's deposition testimony, asserting that Fisher is not qualified to opine about how long it would take for Brown to lose the weight required to be eligible for the back surgery.  (Def.'s Mot. Lim. 9-11, DN 89).  Fisher explains, however, that she does not have an opinion about whether or how Brown will become eligible for surgery; she explains that she considered his weight to estimate what year he may get the surgery to be able to project costs associated with the surgery.  (Def.'s Mot. Lim. 9-10, DN 89).  Because Fisher did not improperly opine on the issue and TG had ample opportunity to cross-examine her on this point, the objection is overruled, and the motion is denied on this basis.[5]

### 2. *Dr. Jolley's Deposition Testimony*

### a. Collateral Source Payments

Per the above ruling regarding collateral source payments, the following portions of Dr. Jolley's deposition testimony are excluded:  the words "workers' comp" on page 29; and page 39, lines 6 through 9.

### b. Standard for Expert Medical Testimony

TG argues that page 32, line 5 through page 33, line 4 of Dr. Jolley's deposition should be excluded because he does not express the opinions about the cause of Brown's various health conditions within a reasonable degree of medical certainty.   (Def.'s Mot. Lim. 15, DN 89).  Because, however, Dr. Jolley acknowledges that he does not hold the opinions with a reasonable

---

[5] TG briefly objects to the fact that Fisher relied on two letters from Dr. Snowden and Dr. Hazlewood but did not attach them to her report, but TG did not provide Fisher's report for the Court's review, so this objection is overruled as insufficiently supported.  (*See* Def.'s Mot. Lim. 10-11, DN 89).

degree of medical certainty and explains why, the objection to the testimony is overruled, and the motion is denied on this basis.  (*See* Def.'s Mot. Lim. 15, DN 89).

### c.     Herniated Disc

TG also objects to a portion of Dr. Jolley's deposition in which he discusses Dr. Snowden's opinion that Brown suffered an acute disc herniation because Dr. Snowden's opinion is the subject of other motions in limine.  (Def.'s Mot. Lim. 16, DN 89).  TG does not explain which motions in limine or which of Dr. Snowden's statements it is referring to, but because, as explained above, none of the specific sections of Dr. Snowden's testimony about disc herniations that TG cites require exclusion, the objection to Dr. Jolley's testimony is overruled, and the motion is denied on this basis.

### J.     <u>Plaintiff's Motion in Limine (DN 91)</u>

Brown moves to exclude various portions of Dr. Jolley's deposition testimony.  (*See* Pl.'s Mot. Lim., DN 91).

### 1.     *Degenerative Back Changes*

Brown argues that Dr. Jolley's acknowledgement that degenerative back changes are common for 62-year-old-men is irrelevant and confusing.  (Pl.'s Mot. Lim. 2, DN 91).  Dr. Jolley's statement is relevant and helpful to the jury, however, because it will help them evaluate whether Brown's fall caused his back pain.  The motion is denied on this basis.

### 2.     *Opinions Not Disclosed*

Brown contends that the portions of Dr. Jolley's deposition testimony regarding the link between smoking or COPD and back problems should be excluded because they were not disclosed in his report.  (Pl.'s Mot. Lim. 2-3, DN 91).  TG does not dispute that the opinions were not disclosed in Dr. Jolley's report.  (Def.'s Resp. Pl.'s Mot. Lim. 2-3, DN 96).  Accordingly, the

motion is granted on this basis.  *See* Fed. R. Civ. P. 26(a)(2)(B), 37(c).  The opinions, which are

contained on page 17, lines 8 through 19; and page 17, line 20 through page 18 line 9, are excluded.

Along the same lines, Dr. Jolley may not testify to Brown's work restrictions or ability to return

to work because he acknowledged in his deposition that he did not assess them or opine on them

in his report.  (*See* Jolley Dep. 48:21-25, 49:1-4, June 12, 2023, DN 91-1).[6]

### 3.    *Collateral Source*

Per the above ruling regarding collateral source payments, page 29, lines 20-21 of Dr.

Jolley's deposition are excluded because they mention workers' compensation.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Motion in Limine (DN 65) is **DENIED**.

2.      Plaintiff's Motion in Limine (DN 66) is **GRANTED IN PART** and **DENIED IN PART**.

3.      Defendant's Motion in Limine (DN 73) is **GRANTED IN PART** and **DENIED IN PART**.

4.      Defendant's Motion in Limine (DN 74) is **GRANTED IN PART** and **DENIED IN PART**.

5.      Plaintiff's Motion in Limine (DN 75) is **GRANTED IN PART** and **DENIED IN PART**.

---

[6] TG contends that Brown opened the door to this testimony by asking Dr. Jolley his opinion regarding Brown's ability to work.  (Def.'s Resp. Pl.'s Mot. Lim. 3-4, DN 96).  TG did not attach the relevant pages of the deposition to support its argument, so the Court has insufficient information to consider it.  (Def.'s Resp. Pl.'s Mot. Lim., DN 96).

6.      Plaintiff's Motion in Limine (DN 76) is **GRANTED IN PART** and **DENIED IN PART**.

7.      Plaintiff's Motion in Limine (DN 87) is **DENIED**.

8.      Plaintiff's Motion in Limine (DN 88) is **GRANTED IN PART** and **DENIED IN PART**.

9.      Defendant's Motion in Limine (DN 89) is **GRANTED IN PART** and **DENIED IN PART**.

10.     Plaintiff's Motion in Limine (DN 91) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

August 2, 2024

cc:     counsel of record