ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-CV-00026-GNS-LLK

**FILED**
JAMES J. VILT, JR. - CLERK

AUG 0 9 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

RICKY BROWN                                                                    PLAINTIFF

v.

TG AUTOMOTIVE SEALING KENTUCKY, LLC                                   DEFENDANT

## JURY INSTRUCTIONS

These instructions will be in three parts:  (1) general rules that define and control your duties as jurors, (2) rules for your deliberations, and (3) the rules of law that you must apply in deciding whether the parties have proven their claims.  A copy of these instructions will be available to you in the jury room.

### I.      GENERAL RULES CONCERNING JURY DUTY

**A.      Juror's Duties**

You have two main duties as jurors.  First, you must decide what the facts are based on the evidence you saw and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law as I have described it, apply it to the facts, and decide if Plaintiff has proved his claims by according to his evidentiary burden.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of trial to follow my instructions as given, even if you personally disagree with them.  This includes the instructions I gave you both before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

1

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly, and do not let any bias, sympathy, or prejudices that you may feel toward one side or the other influence your decision in any way.

## B.    Evidence

You must make your decision based only on the evidence you saw and heard in court. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; any stipulations that the lawyers agreed to (such as the authenticity of the surveillance videos and the 911 call); and any facts I have judicially noticed (such as the Social Security Administration Life Expectancy Calculator).

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings, comments, and questions are not evidence.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked.  Do not speculate about what a witness might have said.  I may have ordered you to disregard things you saw or heard, or I struck things from the record.  You must completely ignore all these things.  Do not even think about them.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.  Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### C.      <u>Direct & Circumstantial Evidence</u>

Now, some of you may have heard of the terms "direct evidence" and "circumstantial evidence." Let me explain what those mean.

Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D.      <u>Credibility of Witnesses</u>

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

65

1.      Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.      Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

3.      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4.      Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

5.      Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case that might influence the witness's testimony.

6.      Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

7.      Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.   Sometimes it may;  other times it may not.   Consider whether the inconsistency was about something important, or about some unimportant detail.

8.      And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other

evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E.    Deposition Testimony

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter and a videographer were present and recorded the testimony. The questions and answers were shown to you via video presentations or read to you by the attorneys. This deposition testimony is entitled to the same consideration and is to be judged by you as to

65

credibility, and weighed and otherwise considered by you in the same way, as if the witnesses had been present and had testified from the witness stand in court.

### F.    Opinion Testimony

You have heard the testimony of Leesa Fisher, Dr. Alan Bartley, Dr. Ryan Snowden, Dr. Jeffery Hazlewood, and Dr. Jay Jolley, who all testified as opinion witnesses. You do not have to accept their opinions. In deciding how much weight to give the opinions, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### G.    Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II.   JURY DELIBERATIONS

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 3-3, or whatever your vote happens to be.  That should stay secret until you are finished.

### A.   Experiments, Research, Investigation, and Outside Communication

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, or computer, the internet, any Internet service, or any text or instant messaging service, or social media, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect

you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use electronic means to investigate or communicate about the case because it is important that you decided this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**     **Duty to Deliberate**

Now that all evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not begin deliberations by announcing your opinion on one the issues in the case, as you may find it will make it difficult to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that-your vote.  It is important

for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussion in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has established every essential element of his claim by a preponderance of the evidence as to each claim.

### C.   **Unanimous Verdict**

Your verdict, whether it is liable or not liable, must be unanimous as to each count.

To find TG Automotive Sealing Kentucky, LLC ("TGASK") liable, every one of you must agree that Ricky Brown has satisfied his evidentiary burden as to that claim.

To find TGASK not liable, every one of you must agree that Ricky Brown has failed to satisfy his evidentiary burden as to that claim.

Either way, liable or not liable, your verdict must be unanimous as to each count.

### D.   **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent memory of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the unrecorded recollection or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**E.** **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if Ricky Brown has proven TGASK liable under his evidentiary burden.

### III.    <u>RULES OF LAW</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.   Below, I will explain the elements of the claims that Ricky Brown has alleged.

65

## INSTRUCTION NO. 1

Upon retiring to the jury room, you will select one of you to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience.   You will take this form to the jury room and, when you have reached a verdict, you will fill out the verdict form as appropriate. You will then return with your verdict to the courtroom.   All seven (7) of you must unanimously agree upon a verdict.

Please proceed to Instruction No. 2.

## INSTRUCTION NO. 2
**Burden of Proof**

Ricky Brown has the burden of proving his case against TGASK by what is called a "preponderance of the evidence." This means that Ricky Brown has to produce evidence that, considered in light of all the facts, leads you to believe that what he claims is more likely true than not. The term "preponderance of the evidence" does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

TGASK has alleged that Ricky Brown failed to exercise ordinary care for his own safety and that was a substantial factor in causing his injury.

TGASK has the burden of proving that allegation against Ricky Brown by a preponderance of the evidence. Regarding that allegation, this means that TGASK has to produce evidence that, considered in light of all the facts, leads you to believe that what TGASK claims is more likely true than not.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

Please proceed to Instruction No. 3.

## INSTRUCTION NO. 3

As used in these instructions, the term "ordinary care" as applied to TGASK means such care that you would expect an ordinarily prudent business engaged in the same type of industry to exercise under similar circumstances.

As used in these instructions, the term "ordinary care" as applied to Ricky Brown means such care that you would expect an ordinarily prudent person to exercise under similar circumstances.

Please proceed to Interrogatory No. 1.

FILED
JAMES J. VILT, JR. - CLERK

### INTERROGATORY NO. 1
**Elements of the Plaintiff's Claim**

AUG 09 2024

U.S. DISTRICT COURT
WEST'N. DIST KENTUCKY

It was the duty of TGASK and its employees to provide such safeguards against injury from ice on its premises as an ordinarily prudent business engaged in the same type of industry would have provided under similar circumstances. You will find TGASK at fault if you are satisfied from the evidence as follows:

1.      TGASK and its employees failed to satisfy its duty, and

2.      That such failure was a substantial factor in causing Ricky Brown's injuries.

Otherwise you will find TGASK not at fault.

We, the jury, find TGASK at fault by a preponderance of the evidence.

YES _____X_____

NO _____

_____
FOREPERSON

If you have answered YES to this Interrogatory No. 1, please proceed to Interrogatory No. 2.

If you have answered NO to this Interrogatory No. 1, proceed no further with these Instructions and Interrogatories, and return the verdict form to a Court Security Officer.

15

## **INTERROGATORY NO. 2**
### **Elements of the Defendant's Claim that the Plaintiff was at Fault**

It was Ricky Brown's duty upon the occasion in question to exercise the ordinary care of a person under similar circumstances.  If you are satisfied from the evidence that Ricky Brown failed to comply with this duty, and that such failure was a substantial factor in causing his injury, you shall find Ricky Brown at fault.

We, the jury, find Ricky Brown at fault by a preponderance of the evidence.

YES _____✓_____

NO _____

FOREPERSON _____

If you answered YES, please proceed to Interrogatory No. 3.

If you answered NO, please proceed to Instruction No. 4.

16

## INTERROGATORY NO. 3
### Comparative Fault

If you find TGASK at fault in Interrogatory No. 1, and also find Ricky Brown at fault in Interrogatory No. 2, you will determine from the evidence and indicate in the blank spaces below what percentage of the total fault was attributable to each party.

In determining the percentage of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between his/its conduct and the damages claimed by Ricky Brown.

Please assess the percentage of fault you believe are attributable to each party.

TGASK:            51  %

Ricky Brown:      49  %

Total:            100%

_____
FOREPERSON

Please proceed to Instruction No. 4.

## INSTRUCTION NO. 4
### Compensatory Damages

If you answer "yes" under Interrogatory No. 1, then you shall award Ricky Brown such a sum of money as will fairly and reasonably compensate him for any damages or injuries which you are satisfied from the evidence he sustained as a direct result of this accident including:

1.  Necessary and reasonable expenses for medical services you believe from the evidence he has incurred;

2.  Physical or mental suffering you believe from the evidence he has sustained or is reasonably certain to endure in the future;

3.  Loss of wages and income you believe from the evidence he has sustained or loss or impairment of his power to earn money in the future that you believe from the evidence he has suffered, but if you are further satisfied from the evidence that Ricky Brown failed to exercise ordinary care to lose weight as recommended by his treating physician so that surgery could be performed, you may exclude from the amount of the lost wages award or loss or impairment of his power to earn money the damages you believe from the evidence would have been avoided by losing weight as recommended.

Please proceed to Instruction No. 5.

### INSTRUCTION NO. 5

If you find for Ricky Brown and award him damages for pain and suffering, for permanent impairment of his power to earn money, or for hospital and medical services, and if you are satisfied from the evidence that there is a reasonable likelihood that he may suffer future harm as a direct result of his injuries, you will include in your award for each of those items of damage a reasonable enhancement for the increased risk of such future harm. If you award enhanced damages for an increased risk of future harm, the amount of such enhancement should reflect your assessment of the percentage by which Ricky Brown's risk of such future harm is greater than it was before the accident.

Please proceed to Instruction No. 6.

## <u>INSTRUCTION NO. 6</u>

If you determine that Ricky Brown is entitled to recover damages for his injuries, your award shall include compensation for losses attributable or related to his pre-existing physical condition, but only if and to the extent that such pre-existing condition was aroused or aggravated by the accident in question.

Indicate your award of damages, if any, by answering Interrogatory No. 4 on the next page.

FILE
JAMES J. VILT, J.

**INTERROGATORY NO. 4**

AUG 09 2024

Without regard to fault, what sums, if any, will fairly and reasonably compensate Ricky
U.S. DISTRICT COURT
WEST N. DIST. KENTUCKY

Brown for any damages for the injury that you believe he sustained as a direct result of the

alleged accident?

A.   Reasonable past medical expenses:      $ 23,590 $^{50}$
     (not to exceed $31, 973.04)

B.   Past, present, and future pain and suffering:  $ 115,606. $^{44}$
     (not to exceed $2,000,000)

C.   Past and future lost wages:             $ 95,526 $^{08}$
     (not to exceed $487,183)

TOTAL                                        $ 234,723 $^{58}$

FOREPERSON

Your verdict form is complete, and you should notify the Court Security Officer.